UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
NANCY BALLESTER-SALGADO,     )
        Plaintiff            )
                             )
            v.               )    C.A. No. 11-cv-30257-MAP
                             )
MICHAEL J. ASTRUE,           )
Commissioner, Social         )
Security Administration,     )
        Defendant            )
```

MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION FOR RECONSIDERATION
(Dkt. No. 18)

January 3, 2013

PONSOR, U.S.D.J.

On November 7, 2012, the court allowed Plaintiff's motion to reverse the decision of the Commissioner denying Plaintiff's application for Supplemental Security Income benefits (Dkt. No. 11), and it ordered an immediate award of benefits.[1]  On November 16, 2012, Defendant moved to have the court reconsider this ruling and order a remand, rather than outright reversal.  Plaintiff, who is pro se, has not opposed Defendant's motion.

---

[1] The court correspondingly denied Defendant's Motion for an Order Affirming the Decision of the Commissioner. (Dkt. No. 14.)

Defendant argues that the court erred when it reversed the Commissioner's decision and ordered an award of benefits. The court, according to Defendant, should at most have merely ordered a remand of Plaintiff's claim for further consideration.

The court is convinced, for the reasons set forth in the November 7, 2012 memorandum, that the record provided firm footing for outright reversal of the Commissioner's determination. The court recognizes, however, that reversal is justified only in "unusual" cases where "the proof of disability is overwhelming" or "the proof is very strong and there is no contrary evidence." Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001). Except in glaring cases, the better practice is for the court to remand the case for further proceedings to permit the Commissioner to resolve the factual issues and make an entitlement determination. Id.; Freeman v. Barnhart, 274 F.3d 606, 609 (1st Cir. 2001) ("A remand is the proper remedy here because it would allow the Commissioner to fulfill his role of resolving conflicting evidence, a task which is not [the court's] to perform.").

Prudence suggests that this record, though powerful, may not present the compelling circumstances where outright reversal and an order awarding benefits is proper. In light of First Circuit authority, erring on the side of caution, and in the absence of any opposition from Plaintiff, the court will allow Defendant's Motion for Reconsideration and will order the case remanded, with a condition.

Plaintiff has been waiting a very long time for a proper resolution of her claim. She first filed her application in December 2008, over four years ago. With this in mind, the court will order the Assistant United States Attorney to report to the court every ninety days on the status of Plaintiff's application until the matter is resolved.

For the foregoing reasons, Defendant's Motion for Reconsideration (Dkt. No. 18) is hereby ALLOWED. The court's earlier ruling is amended to remove the order requiring the Commissioner to make an immediate award of benefits. The case is hereby remanded to the Commissioner for further proceedings consistent with this decision. The Commissioner is ordered to report to the court, through counsel, no later than April 5, 2013, as to the status of

proceedings on remand, and every ninety days thereafter until this matter is fully resolved.

It is So Ordered.

                                       /s/ Michael A. Ponsor
                                       MICHAEL A. PONSOR
                                       U. S. District Judge